ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

D'ARRIGO BROS. OF NEW YORK, INC.,

     Plaintiff,

 -against-

WATERMELON EXPRESS, LLC and KATHLEEN ANNICELLI,

     Defendants.

Case No.: 09CV00407 (DAB)

**ORDER**

---

 The plaintiff having moved for a preliminary injunction pursuant to F.R.Civ.P. 65 by the filing of the Order to Show Cause with a temporary restraining order dated January 15, 2009, and upon the Affidavit of Paul D'Arrigo, dated January 6, 2009, with exhibits annexed thereto, the Certification of Leonard Kreinces, Esq., dated January 7, 2009, the accompanying Memorandum of Law, and the Court having held a hearing on plaintiff's motion on January 28, 2009 and Kreinces & Rosenberg, P.C., attorneys for the plaintiff having appeared in support of the motion and the defendants, WATERMELON EXPRESS, LLC and KATHLEEN ANNICELLI, having offered no opposition; and

 IT APPEARING to the Court from the Court from the affidavit of Paul D'Arrigo, that the defendants are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this court, and that immediate and irreparable injury, loss or damage will result to plaintiff, in the form of a loss of trust assets, and the Defendants not appearing at the hearing today, it is therefore

 ORDERED, that the motion for preliminary injunction is granted and, it is further

 ORDERED, that defendants, WATERMELON EXPRESS, LLC and KATHLEEN

1

ANNICELLI, its agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with it be and they are:

(i) restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499 et seq. (Hereinafter "PACA") and the regulations promulgated thereunder; and

(ii) restrained from, in anyway, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any creditors, persons or entities until further order of this court or until the defendants, WATERMELON EXPRESS, LLC and KATHLEEN ANNICELLI, pays the plaintiff the sum of $263,016.83 plus interest, costs, and attorneys fees, and

(iii) account to this Court and counsel for the plaintiff for the following items generated in defendant's business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv) account to this Court and counsel for the plaintiff for all assets in defendant's ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendant, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by

WATERMELON EXPRESS, LLC, and, if not, the source of such assets; and

(v) to restore to the PACA trust any PACA trust assets derived directly or indirectly from WATERMELON EXPRESS LLC's operations and received or transferred by them on or after the purchase of perishable agricultural commodities which are lawfully obtainable by WATERMELON EXPRESS, LLC; and

(vi) to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "WATERMELON EXPRESS, LLC. PACA Escrow Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefor pending further order of this Court; and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order; and it is further

ORDERED, that the plaintiff shall not be required to post a bond hereunder.

This Order granting preliminary injunction is entered this 28th of January, 2009 at 12:09 p.m.

Date:   New York, New York
        January 28, 2009

_____
DEBORAH A. BATTS
United States District Judge

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\watermelon express\Order.wpd